```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,
                                                                    16-cr-536 (PKC)

             -against-                                              MEMORANDUM
                                                                    AND ORDER

JOHN CARABALLO CRESPO,

                          Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Defendant John Caraballo Crespo is charged in a one-count indictment with unlawful possession of a firearm while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). Defendant has moved to dismiss the indictment on the grounds that the underlying protective order fails to satisfy the requirements of section 922(g)(8). He also requests disclosure of the grand jury minutes. For the reasons explained below, defendant's motion is denied.

BACKGROUND

The indictment charges the defendant with possessing a firearm while subject to a protective order. (Indictment, Def.'s Mot. to Dismiss Ex. A). The relevant statute reads, in part, as follows:

> It shall be unlawful for any person . . . who is subject to a court order that . . .
>
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate

> partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which had been shipped or transported in interstate of foreign commerce.

18 U.S.C. § 922(g)(8).

The indictment alleges that defendant was subject to a protective order that satisfied both subsections (C)(i) and (C)(ii). However, the defendant argues that the indictment should be dismissed because the underlying protective order fails to satisfy the requirements of section 922(g)(8)(C)(i) or (C)(ii) and fails to establish that the protective order was issued on behalf of an intimate partner.

DISCUSSION

    I.    <u>Legal Standard.</u>

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed R. Crim. P. 7(c)(1). It "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." <u>United States v. Stavroulakis</u>, 952 F.2d 686, 693 (2d Cir. 1992) (internal quotation marks omitted). "An indictment is sufficient so long as it: (1) 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend,' and (2) 'enables [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" <u>United States v. Thompson</u>, No. 13 Cr. 378 (AJN), 2013

WL 6246489, at *6 (S.D.N.Y. Dec. 3, 2013) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974) (alteration in original).

II.      The Motion to Dismiss.

At the outset, the parties dispute whether a motion to dismiss the indictment is the proper vehicle for the defendant to raise what is essentially a sufficiency challenge. The defendant argues that because Rules 12(b)(3)(A)(v) and 12(b)(3)(B)(v), Fed. R. Crim. P., require that motions alleging an error in the grand jury proceeding or a defect in the indictment be made before trial, and because "the sufficiency of an indictment and the interpretation of a federal statue are both matters of law," the Court may consider a challenge based on the failure of an indictment to state an offense at this time. (Def.'s Mot. to Dismiss 2 (quoting United States v. Heicklin, 858 F. Supp. 2d 256, 262 (S.D.N.Y. 2012))). In response, the government contends that the defendant is seeking to challenge the sufficiency of the evidence which is an issue that must be left for trial. (Gov't Mem. in Opp'n to Def.'s Mot. to Dismiss 3). However, the Court need not resolve this threshold issue because even if the defendant's motion is properly considered at this stage, it would fail on the merits.

III.      Subsection (C)(i).

The defendant argues that the protective order and minutes from the state court hearing at which the order was imposed, do not include any finding that the defendant "represents a credible threat to the physical safety" of an intimate partner or child, and thus the order fails to satisfy the requirements of section 922(g)(8)(C)(i). The Court agrees, and in its opposition, the government does not defend the applicability of subsection (C)(i). However, the protective order need only satisfy the requirements of subsection (C)(i) or (C)(ii) and because the

Court finds that the requirements of subsection (C)(ii) are met, the fact that subsection (C)(i) does not apply to the protective order is not fatal to the indictment.

IV.  Subsection (C)(ii).

Subsection (C)(ii) requires that the underlying court order "explicitly prohibit[] the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(ii). Defendant argues that the protective order in this case is not "focused on force or injury" but instead prohibits a series of New York criminal offenses including "assault, stalking, harassment, . . . strangulation, . . . sexual abuse, . . . or any criminal offense." (Def.'s Mot. to Dismiss 5 (quoting Protective Order, Def.'s Mot. to Dismiss Ex. B)).

Although the Second Circuit has not yet addressed the issue, several other circuits have considered the applicability of section 922(g)(8)(C)(ii) to protective orders and have reached a consensus that the underlying court order need not include the precise language of subsection (C)(ii) in order to qualify under the statute. United States v. Bostic, 168 F.3d 718, 722 (4th Cir. 1999) (an order that directed the defendant to "refrain from abusing" his partner "unambiguously satisfies subsection (C)(ii)"); United States v. Hopper, 28 F. App'x 376, 379 (6th Cir. 2001) (order that restrained defendant from "committing further acts of domestic violence and abuse" was "sufficiently explicit so as to include actual, attempted and threatened physical force within its meaning"); United States v. Coccia, 446 F.3d 233, 241-42 (1st Cir. 2006) (finding sufficient an injunction that forbid "abusing, harassing, or threatening" because the commonly understood definition of "abuse" included conduct listed in subsection (C)(ii)); United States v. DuBose, 598 F.3d 726, 730–31 (11th Cir. 2010) (per curiam) (order that prohibited "intimidating, threatening, hurting, harassing" sufficient because the definition of

"hurt" included conduct listed in subsection (C)(ii)); United States v. Sanchez, 639 F.3d 1201, 1204-05 (9th Cir. 2011) ("(8)(C)(ii) is satisfied by a court order that includes explicit terms similar – if not identical – in meaning to the use of physical force that would reasonably be expected to cause bodily injury.") (internal quotation marks omitted); United States v. Mahin, 668 F.3d 119, 120, 122 (4th Cir. 2012) (order that required defendant to "refrain from committing further acts of family abuse" sufficient where "family abuse" was defined to include, among other things, "any act involving violence, force, or threat . . . which results in bodily injury"). The only circuit to have found an underlying court order insufficient for the purposes of section 922(g)(8)(C)(ii) considered a "no contact order" which prohibited only contact with the protected party but not physical force, abuse or harm. See Sanchez, 639 F.3d at 1205.

The language of the defendant's protective order does not precisely track the statute, nor is it identical to the court orders analyzed by the other circuits; however, several facts support this Court's finding that the protective order satisfies the requirements of subsection (C)(ii). First, as the government points out, several of the offenses specifically prohibited in the protective order include an element of physical force that could reasonably be expected to cause physical injury. See, e.g., N.Y. PENAL L. § 120.00 (including physical injury as an element of assault). The list of prohibited conduct in the protective order, although not identical to the language of the statute, has the same meaning; i.e., it prohibits "the use, attempted use, or threatened use of physical force . . . that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(ii). Moreover, it is not fatal that the order prohibits more than just physical force that might cause bodily injury. Subsection (C)(ii) does not require that the underlying court order explicitly prohibit *only* the use, attempted use, or threatened use of physical force. See, e.g., Hopper, 28 F. App'x at 379 ("Although 'domestic violence and abuse'

is language which may contemplate a broader range of activity than physical assault, we believe that the language is sufficiently explicit so as to include actual, attempted and threatened physical force within its meaning"); United States v. Luedtke, No. 08 Cr. 189, 2008 WL 4951140, at *5 (E.D. Wis. Nov. 18, 2008) ("Wisconsin's definition of domestic abuse, incorporated into the injunction, *includes* the conduct set forth in § 922(g)(8)(C)(ii). That the injunction may also prohibit *other* conduct, e.g. criminal damage to property, does not render the injunction insufficient.").

Second, the protective order itself specifically notes that "[i]t is a federal crime to: . . . buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect." (Protective Order, Def.'s Mot. to Dismiss Ex. B (citing 18 U.S.C. § 922(g)(8))). This evinces an intent on the part of the state court that the protective order qualify under section 922(g)(8)(C)(ii).

V.  Intimate Partner.

Finally, the defendant argues that the indictment should be dismissed because the protective order and minutes of the defendant's underlying plea do not establish that the protective order was issued "explicitly" on behalf of an "intimate partner" as required by subsections (B) and (C) of the statute. The protective order uses the term "Family Offenses" at the top, and directs the defendant to refrain from committing a variety of offenses against Vanessa Caraballo, but does not define the relationship between Vanessa Caraballo and the defendant. (Protective Order, Def.'s Mot. to Dismiss Ex. B).

As noted, the statute requires that the underlying order "by its terms explicitly prohibit[] the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(ii).

A plain reading of the statute indicates that it does not require that the underlying court order "explicitly" identify the protected party as an intimate partner, nor does it require that the order define the relationship between the defendant and the protected party. "[E]xplicitly prohibits" naturally relates to some act and not to the characteristics of individuals. The Court reads the phrase "explicitly prohibits" to relate solely to "the use, attempted use, or threatened use" of force, and not to the balance of the phrase in subsection (C)(ii). The words "such intimate partner or child" are located in the sentence remotely from "explicitly prohibits" and are carried over from subsection (B) of the statute. The more natural reading is that "explicitly prohibits" applies only to "use, attempted use, or threatened use of physical force." Therefore, the Court concludes that the statute does not require that the intimate partner status be made explicit on the face of the protective order. See Luedtke, 2008 WL 4951140, at *4 ("The statute does not by its terms require that the underlying court order address the intimate partner [relationship]."); United States v. Garretson, No. 13 Cr. 029 (APG) (GWF), 2013 WL 5797611, at *6 (D. Nev. Oct. 28, 2013) ("Section 922(g)(8)(B), however, does not require that the person for whose protection the order has been issued, be explicitly identified in the order as 'an intimate partner' of the defendant.").

The intimate partner relationship is a fact the government must prove at trial. Luedtke, 2008 WL 4951140, at *4; Garretson, 2013 WL 5797611, at *6. Here, the indictment tracks the language of the statute and alleges that the order was issued on behalf of an intimate partner. See United States v. Ladouceur, No. 12 Cr. 99, 2012 WL 4757890, at *2 (E.D. Tex. Sept. 6, 2012), report and recommendation adopted, No. 12 Cr. 99, 2012 WL 4757878 (E.D. Tex. Oct. 5, 2012) (holding almost identical indictment sufficiently alleged petitioner was an intimate partner). The Supreme Court's analysis of the companion provision, 18 U.S.C.

§ 922(g)(9), which makes it unlawful for a person to possess a firearm if he "has been convicted in any court of a misdemeanor crime of domestic violence" is also instructive here. The statute defines a misdemeanor crime of domestic violence as having, as an element, the use or attempted use of physical force by a person such as a current or former spouse, parent, or guardian of the victim. 18 U.S.C. § 921(a)(33). However, the Supreme Court found that section 922(g)(9) does not require that the underlying misdemeanor statute include, as an element, the domestic relationship between the perpetrator and the victim. See United States v. Hayes, 555 U.S. 415, 421 (2009).

VI.     Grand Jury Minutes.

In addition to dismissing the indictment, the defendant argues that the grand jury minutes should be reviewed based on three facts that cast doubt on the grand jury proceedings. For the following reasons, defendant's request is denied.

The bar for obtaining disclosure of grand jury minutes is high, and such a review "should not be permitted without concrete allegations of Government misconduct." United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994). The defendant has not affirmatively shown any government misconduct here. First he argues that the grand jury minutes should be reviewed because, per the face of the indictment, the government asked the grand jury to vote on the applicability of both subsections (C)(i) and (C)(ii) and the grand jury determined that both subsections applied, yet there are not facts that support a charge under subsection (C)(i). (Def.'s Reply 3). According to the defendant, the indictment on this subsection without any factual support "demands an inquiry." (Id.) Second, the defendant argues that the grand jury minutes must be reviewed because the order of protection and the corresponding plea transcript do not establish that the defendant and the protected party were intimate partners thereby inviting the

inference that the government failed to establish this element for the grand jury.  (Id. at 3-4)  Finally, the defendant argues that there is a need to review the grand jury minutes because any determination that the protective order satisfies the requirements of subsection (C)(ii) would have required legal analysis of the offenses listed in the order.  (Def.'s Mot. to Dismiss 7).

Taken together, these allegations do not meet the high bar necessary to warrant review of the grand jury minutes.  The government need only show that the protective order satisfy one of the two subsections, (C)(i) or (C)(ii), to properly charge a violation of section 922(g)(8).  As for the intimate partner element, there are any number of ways that the government may have established this element for the grand jury outside of the protective order and the plea minutes.  For example, the government may have called a witness to explain that Vanessa Caraballo was the defendant's wife.  Finally the Court does not agree that legal analysis of New York Penal Law would have been required for a grand jury to determine that the protective order included the prohibitions of (C)(ii).  Many of the offenses listed in the order such as assault, strangulation, and sexual abuse are concepts that a grand jury of laypeople could reasonably determine include express prohibitions on the use of physical force reasonably likely to result in physical injury.

In sum, defendant has failed to demonstrate that he is entitled to the extraordinary remedy of disclosing the grand jury minutes.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment (Dkt. 12) is denied.

- 10 -

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 21, 2017